WILSON v. EX-CELL-O CORPORATION.

1. ACTION—BREACH OF COLLECTIVE BARGAINING AGREEMENT—TRANS-
   FER OF WORK—JOINDER—SEPARATE PROOFS.
   Denial of motion to dismiss declaration which had been amended
   to set forth the 29 separate claims of plaintiffs, individually
   and as assignees of other employees of defendant corporation
   for back wages and damages allegedly sustained as a result of
   defendant's breach of its collective bargaining agreement with
   their union relative to transfer of work, held, error for mis-
   joinder, since there were possible defenses to each of the claims
   regarding different job classifications and conditions requiring
   separate proofs (CL 1948, § 608.1).

2. SAME—JOINDER—CONVENIENT ADMINISTRATION OF JUSTICE.
   Sufficient grounds must appear for uniting causes of action that
   will promote the doing of justice by their joinder in order to
   justify the joinder on the ground that it will promote the con-
   venient administration of justice (CL 1948, § 608.1).

3. SAME—JOINDER—PREJUDICE.
   Joinder of 29 separate claims for alleged breach by defendant
   · employer of collective bargaining agreement with the employees'
   union held, to have been a misjoinder, where it does not appear
   that any 1 of the claimants would have been prejudiced had
   each brough a separate suit for the recovery of damages
   claimed (CL 1948, § 608.1).

Appeal from Wayne; Sullivan (Joseph A.), J.
Submitted June 13, 1962. (Docket No. 47, Calendar
No. 49,658.)   Decided October 1, 1962.   Rehearing
denied November 5, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 1 Am Jur 2d, Actions §§ 102, 103, 122 et seq.

Case by Claude Wilson, Harold Ball, and Rupert Fitzgerald, for themselves and as assignees of 26 others, against Ex-Cell-O Corporation, a Michigan corporation, for wages lost by reason of breach of provision in collective bargaining agreement. Defendant's motion to dismiss because of misjoinder denied. Defendant appeals. Reversed.

*Zwerdling, Miller, Klimist & Maurer* (*A. L. Zwerdling,* of counsel), for plaintiffs.

*Fischer, Sprague, Franklin & Ford* (*Harvey A. Fischer* and *Leon R. Jones,* of counsel), for defendant.

KAVANAGH, J. Defendant is here on leave granted from denial of a motion to dismiss plaintiffs' amended declaration.

Defendant contends there is a misjoinder of parties because the claims are not joint but are 29 distinct, separate, and different causes of action.

Plaintiffs, employees of defendant Ex-Cell-O Corporation, bring this action to recover back wages and damages allegedly sustained as a result of defendant's breach of its contract agreement with plaintiffs. The claim arises out of a collective bargaining agreement entered into between defendant corporation and Local 49 of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America. Plaintiffs claim their damages were sustained as a result of a breach by defendant of certain "transfer of work" clauses in their collective bargaining agreement. The pertinent clauses are as follows:

"(26) On and after the effective date of this national agreement, if the company moves jobs, machinery or equipment from 1 plant of the company to another, or if work is subcontracted to a plant out-

side the company, and such movement subsequently results in seniority employees in the classification(s) affected being laid off due to lack of work in the classification the company will either:

"(a) Transfer such employees in their home plant to available work in a classification which they are capable of performing at a rate of pay as nearly comparable in rate to their prior job as is practicable. (The transfer of such employees for a period of 1 year will relieve the company of the provisions of paragraph [b]), or

"(b) In the event such work has been moved to another plant of the company, the company will return sufficient work to the plant from which it was moved to prevent the layoff, providing there are employees in the plant where such work is being performed by employees in a similar classification who have less seniority on the work than the employees who are affected by such prior movement.

"(27) In the event that a layoff would result from the subcontracting of work, the company will either exercise the option in paragraph 26 (a) above or will return a sufficient amount of the subcontracted work to prevent a layoff of the employees in the classification so affected. *    *    *

"(29) It is agreed and understood that the development of new products or new product lines by the company, which do not replace a present product or product line, will in no way be affected by the provisions of paragraph 26 (a) or (b) above and that the company shall have the sole right to decide where such new product or product line shall be placed."

Plaintiffs were laid off work between the 6th to the 16th of December, 1957. Plaintiffs allege they resorted to grievance machinery for returning to work, but without success. Thereafter, 26 of the 29 employees laid off work assigned their claims to plaintiffs. The other 3 employees, individually and as assignees, assert a claim against defendant to recover

damages for breach of the agreement. Defendant filed a motion to dismiss alleging that there actually existed 29 separate, distinct, and different causes of action which are in no sense joint, and that this action should be dismissed for misjoinder of plaintiffs.

The trial court in a written opinion held that plaintiffs' declaration should contain separate counts for each of the 29 parties suing either as assignors or assignees. The court permitted plaintiffs to amend their declaration to set up the 29 separate counts on the theory that the sole difference between the 29 parties involved apparently is simply a question of damages. Upon compliance with the amendment of the declaration establishing the 29 separate counts, the motion to dismiss was renewed and denied. Defendant is here raising the same issue.

It is the contention of defendant that proof of breach of agreement by defendant corporation, the dates on which the alleged breach occurred, the defense by which defendant may oppose each claim, the amount of work lost by each employee, the different offsets which may be made against such losses, all will call for separate and different proof, all involve separate and distinct issues of fact or of law. Defendant contends the various job classifications, such as an employee working as a precision bore operator, will require proofs that defendant breached its contract with respect to him, and evidence must be presented proving that, contrary to the terms of the national agreement, defendant (1) subcontracted precision bore work to a plant outside the company; (2) that this work was not brought back; (3) that if it had been brought back there would have been work to which this employee would have been assigned; and (4) that with this work to do he would not have been laid off. Proofs would differ as to each job

classification. A review of the remaining job classifications would indicate different defenses.

This brings us to the question of whether plaintiffs were entitled to join in 1 action for the recovery of aggregate damages sustained by the individual plaintiffs and by the assignors of plaintiffs. Necessarily involved is the interpretation of the provisions pertinent to joinder of causes of action found in CL 1948, § 608.1 (Stat Ann § 27.591), which reads as follows:

"The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than 1 plaintiff, *the causes of action joined must be joint,* and if there be more than 1 defendant, the liability must be one asserted against all of the material defendants, *or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice,* or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into 1 action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials,' or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into 1 action." (Emphasis supplied.)

The possible defenses which may be raised to each of the claims regarding different job classifications and conditions requiring separate proofs indicate the causes of action sought to be joined in this proceeding are not joint within the meaning of the statute above set forth. Plaintiffs claim, however, that joinder should be permitted on the ground it will

promote the "convenient administration of justice." It must be noted that such action may not be taken unless "sufficient grounds" appear for uniting the causes of action. This means that the doing of justice will in some way be promoted by such joinder. It does not appear that any 1 of these claimants would have been prejudiced had each brought a separate suit for the recovery of damages claimed. The pleadings indicate the issues are such that joinder should not be permitted. This is not to say if separate suits were instituted by the 29 claimants, they could not be consolidated for trial after they had been brought to issue. See discussion in Justice BLACK's opinion concurring in affirmance in *Hardware Dealers Mutual Insurance Company* v. *R. H. Hidey, Inc.,* 349 Mich 490, 516.

Under the rule in the *Hardware Case, supra,* the motion to dismiss should have been granted.

The order of the trial court denying the motion to dismiss is reversed. Defendant shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.